KING, JUSTICE, DISSENTING:
¶ 19. Because I believe that the Federal Employers' Liability Act (FELA) and Supreme Court precedent mandate that we not apply a pro tanto setoff in this case, I respectfully dissent.
¶ 20. The majority concludes that Illinois Central is entitled to a pro tanto setoff for asbestos trust[2] payments Oakes received from parties which are not and never were parties to the litigation at hand.[3] Pro tanto credits may be allowed for joint tortfeasors who are parties to the action. "Joint tointfeasor claims arise where the separate wrongful conduct of two or more individuals combine to cause an injury, and each because of his conduct bears some responsibility for the injury." J & J Timber Co. v. Broome , 932 So.2d 1, 8 (Miss. 2006) (internal quotations omitted) (emphases in original).[4]
¶ 21. In Ayers , an asbestos case, the railroad argued that it should be allowed to apportion liability among other nonrailroad defendants. The United States Supreme Court noted that the FELA only allows the jury to apportion damages between the railroad and the employee, it "does not authorize apportionment of damages between railroad and nonrailroad causes." Norfolk & Western Ry. Co. v. Ayers , 538 U.S. 135, 159-60, 123 S.Ct. 1210, 155 L.Ed.2d 261 (2003). The Court concluded that "reading the FELA to require apportionment would handicap plaintiffs and could vastly complicate adjudications, all the more so if ... manufacturers and suppliers, as well as other employers, should come within the apportionment pool." Id. at 165, 123 S.Ct. 1210. "Once an employer has been adjudged negligent with respect to a given injury, it accords with the FELA's overarching purpose to require the employer to bear the burden of identifying other responsible parties and demonstrating that some of the costs of the injury should be spread to them[,]" referring specifically to actions for contribution. Id. at 165, and n.23, 123 S.Ct. 1210 *156 (emphasis added). The United States Supreme Court ultimately held that "[u]nder the FELA, an employee who suffers an 'injury' caused 'in whole or in part' by a railroad's negligence may recover his or her full damages from the railroad, regardless of whether the injury was also caused 'in part' by the actions of a third party." Id. at 165-66, 123 S.Ct. 1210. While the United States Supreme Court was addressing apportionment among parties,[5] not setoffs for a settlement, it specifically mentioned that plaintiffs would be handicapped if apportionment was allowed among asbestos manufacturers.
¶ 22. The federal cases cited by the majority are inapposite because they address setoffs due to the settlement of a party to the suit.[6] Federal joinder law allows that persons may be joined as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). When a plaintiff joins defendants in a lawsuit and the complaint alleges joint liability for the injury caused, the plaintiff essentially admits that the parties are joint tortfeasors. We have no such joinder and no such admission here. As such, the "employer ... bear[s] the burden of identifying other responsible parties and demonstrating that some of the costs of the injury should be spread to them." Ayers , 538 U.S. at 165, 123 S.Ct. 1210 (emphasis added). The employer made no such demonstration here. It merely put forth the amounts of asbestos trust settlements, without tying them to the injuries of the case or making some demonstration that the asbestos manufacturers were joint tortfeasors.
¶ 23. The Missouri Court of Appeals has rejected the notion that a settlement paid by a nonparty may be used as a setoff by the railroad. Palmer v. Union Pacific R. Co. , 311 S.W.3d 843 (Mo. Ct. App. 2010). It noted that allowing a setoff "overlooks the U.S. Supreme Court's rejection of the suggestion that FELA would permit damages to be apportioned among joint tortfeasors according to the degree of fault attributable to each." Id. at 856. It found significant that "Congress, while expressly directing in FELA the apportionment of responsibility between employer and employee based on comparative fault, did not provide for such apportionment among potentially liable tortfeasors." Id. The court noted that recognizing such a credit would exempt the railroad from a portion of its liability, which contradicts the express language of the FELA. Id. It also noted that the United States Supreme Court expressly placed the burden on the railroad to seek contribution from other tortfeasors, concluding that "an allowance of setoff for settlement recoveries received on behalf of a nonrailroad tortfeasor is inconsistent with FELA's intent, contradictory to the act's statutory language, and not in accordance with U.S. Supreme Court precedent." Id.
¶ 24. The United States Supreme Court has explicitly placed the burden on the *157 employer in FELA cases to demonstrate that other parties should bear a portion of the costs. Illinois Central did not do so in this case. Its remedy is to seek contribution from other potential tortfeasors, not a setoff against the damages awarded the plaintiff. Therefore, I would affirm the judgments of the Warren County Circuit Court and the Court of Appeals denying the setoff.
KITCHENS, P.J., JOINS THIS OPINION.

The asbestos trust at issue was put into place during a Chapter 11 bankruptcy to "direct the processing, liquidation and payment" of asbestos personal injury claims. In re T H Agric. & Nutrition, L.L.C. , No. 08-14692, 2009 WL 7193573 (Bankr. S.D. N.Y. May 28, 2009).

The narrow and specific issue at hand is whether, under federal law, the defendant is entitled to a setoff for payments received by Oakes from nonparties to the lawsuit, something the defendant is under a burden to show. The majority unilaterally changes the issue as to whether the plaintiff is entitled to a double recovery, and argues that the dissent reframes the issue as apportionment of fault among tortfeasors. Neither double recovery nor apportionment of fault among joint tortfeasors is at issue here. At issue is whether Illinois Central may claim a setoff for trust payments made by a nonparty to the litigation at hand, and, in this case, federal law does not allow Illinois Central to claim any setoff.

In Mississippi, among joint tortfeasors, it is generally recognized that a negligent defendant "should not be allowed to escape liability for his negligence by the fortuity that a co-defendant has settled prior to trial." Broome , 932 So.2d at 8-9. However, in this case, we must apply federal law, and the FELA has a similar purpose: to fully compensate the injured employee. Norfolk & Western Ry. Co. v. Ayers , 538 U.S. 135, 144-45, 123 S.Ct. 1210, 155 L.Ed.2d 261 (2003).

The majority makes much of the Supreme Court's mention in the recitation of facts that the verdict had been reduced for settlements with non-FELA entities. Yet, it does not appear that any setoff was appealed, much less its propriety addressed by the Supreme Court. Moreover, it is fair to assume that the settlements were with parties to the lawsuit.

Moreover, the cases recognize that "[t]he purpose of the FELA ... is to facilitate the injured railroad employee's recovery." Schadel v. Iowa Interstate R.R., Ltd. , 381 F.3d 671, 678 (7th Cir. 2004).